Jack S. Fischer, # 171703
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. RICHARDSON, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, an insurance company form of business unknown, and DOES 1-5,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF JACK S. FISCHER IN SUPPORT OF DEFENDANT USAA CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |

I, Jack S. Fischer, declare as follows:

1.  I am an attorney at law licensed to practice before all courts in the State of California, including this one, and I am a member of the law firm of McCormick, Barstow, Sheppard, Wayte and Carruth, counsel of record herein for defendant USAA CASUALTY INSURANCE COMPANY ("USAA CIC"). I have personal knowledge of the facts contained herein and could competently testify to the same if called upon as a witness to do so.

2.  Attached hereto as Exhibit "A" is a true and correct copy of the December 17, 2007 Complaint filed by Plaintiff herein, PETER A. RICHARDSON, and captioned *Richardson v. USAA Casualty Insurance Company et al.*, Superior Court of California, Mendocino County, Case No. SCUK CVG 0750580, together with a copy of the Summons, Notice of Delay Reduction Rules and Case Management Conference which documents represent all pleadings,

process, orders, records and all other documents filed in the state action of which I am aware.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 17, 2008 at Fresno, California.

_____
Jack S. Fischer

88139/00074-1180197.v1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

2

CERTIFICATION AND NOTICE OF INTERESTED PARTIES

JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone: (650) 691-1430
Facsimile: (650) 968-2685

Attorneys for PETER RICHARDSON

ENDORSED-FILED
DEC 17 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
C. Resendiz

SUPERIOR COURT OF CALIFORNIA

MENDOCINO COUNTY

PETER A. RICHARDSON,
an Individual

    Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY, an insurance company form of business unknown, and DOES 1 – 5,

    Defendants.

Case No. SCUK CVG - 07 50 58 0

Complaint For:

1. Declaratory Relief
2. Breach of Contract
3. Bad Faith

Demand for a Jury Trial

Plaintiff, as and for his complaint, alleges as follows:

## INTRODUCTION

1. Plaintiff Peter A. Richardson ("Richardson") is, and was at all relevant times, an individual residing in the County of Mendocino, State of California.

2. Plaintiff is informed and believes that defendant USAA Casualty Insurance Company, a corporation ("USAA"), is, and was at all relevant times, a corporation authorized to engage in the business of insurance in the State of California, and doing business in the County of Mendocino, State of California.

3. The true names and capacities of, and factual basis of liability for, the defendants sued herein as "Does" are unknown to Richardson, but Richardson is informed and believes that they are responsible in some manner for the acts, omissions and/or

COMPLAINT

# EXHIBIT A

occurrences alleged herein, and that Richardson's damages were proximately caused by such defendants.

4. Richardson is informed and believes that at all times herein mentioned, defendants were the agents (actual or ostensible), employees, co-venturers, partner, alter egos, spouses, or in some manner agents or principals, or both, for each other, and were acting within the course and scope of their agency, employment, and/or relationship, and with the knowledge, permission and consent of all other defendants.

5. The personal property, the theft of which is the subject of the coverage dispute between Richardson and USAA, was at all relevant times herein situated in Mendocino County, California.

6. On or about January of 2007, USAA provided comprehensive homeowner's insurance (policy # 00141 85 43) to Richardson. The policy specifically provided replacement cost coverage for Richardson's home and personal property located at 311 Sanel Drive, Ukiah, California.

7. In or about July of 2007, the covered property was burglarized. Two propane generators were stolen, along with some 290 bottles of vintage wine. Richardson filed a claim with USAA for the loss on July 12, 2007.

8. On or about August of 2007, USAA acknowledged the loss and reimbursed Richardson for the generators.

9. On or about September 2007, USAA acknowledged a range of $102,000 to $132,000 for the value of the stolen wine, but refused to pay, citing the need to do additional investigation.

10. Four months have passed since Richardson tendered his claim to USAA and USAA continues to refuse payment for the wine despite Richardson full and complete cooperation with USAA and its agents. Richardson has provided ample objective evidence of ownership of the missing wine bottles, has provided a copy of the policy report to USAA's investigator, and he has participated openly and honestly with that investigation during his interrogation.

Case No.                             COMPLAINT                            Page 2

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Declaratory Relief Against USAA and Does 1 – 5)

11. Richardson hereby refers to and incorporates by reference herein, the same as though fully set forth, paragraphs 1 through 10 of this complaint.

12. A dispute has arisen and an actual controversy exists between Richardson and USAA concerning their respective rights and duties under the USAA policy.

13. Richardson contends that the USAA policy provides replacement cost coverage without exceptions for the specific property stolen, and requires USAA to reimburse Richardson for his damages suffered by the loss.

14. USAA denies Richardson's damages are covered by the USAA policy and/or contends that there are exceptions and/or exclusions to coverage.

15. Richardson desires a judicial determination pursuant to California Code of Civil Procedure section 1060 of the rights and duties of the parties regarding the insurance coverage provided under the USAA policy.

Wherefore, Richardson prays for judgment against defendants, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION

(Breach Of Contract Against USAA And Does 1 - 5)

16. Richardson hereby refers to and incorporates by reference herein, the same as though fully set forth, paragraphs 1 through 15 above.

17. Richardson has performed all conditions, covenants and promises required of him to be performed under the USAA policy.

18. USAA has failed to promptly investigate Richardson's claim.

19. USAA has failed to adequately investigate Richardson's claim.

20. USAA has failed to try to find coverage as required under the California Insurance Commissioner's regulations.

Case No.                              COMPLAINT
                                                                Page 3

21.  USAA has failed to fully pay Richardson's claim when coverage is clear even though the claim was made four months ago.

22.  By engaging in the acts described above, more specifically denying coverage to Richardson under the policy for the theft of his property, particularly his vintage wine, defendants and each of them breached the policy of insurance.

23.  As a direct and proximate result of defendant's breach, Richardson has suffered damages in an amount to be proven at trial, but in excess of $150,000.

### THIRD CAUSE OF ACTION:
### (Bad Faith Against USAA and Does 1 - 5)

24.  Richardson hereby refers to and incorporates by reference herein, the same as though fully set forth, paragraphs 1 through 19 above.

25.  The USAA policy contained an implied obligation of good faith and fair dealing that neither the insurer nor the insured would do anything to injure the right of the other party to receive the benefits of the agreement. USAA had that obligation to Richardson.

26.  USAA breached its obligation of good faith and fair dealing which it owed to Richardson by failing to properly investigate the claims, by unreasonably denying coverage and refusing to honor its contractual obligations in bad faith, and by unreasonable delay.

27.  As a direct and proximate result of Defendant's tortuous breach of the covenant of good faith and fair dealing, Richardson has suffered damages in an amount to be proven at trial, and continues to suffer damages, including attorneys' fees incurred in obtaining coverage.

28.  Defendant's tortuous breach of the covenant of good faith and fair dealing was committed with oppression, fraud or malice as defined in California Civil Code Section 3294, such that an award of exemplary or punitive damages should be made in an amount sufficient to deter and make an example out of Defendants and punish them for their bad faith.

Case No.                         COMPLAINT                             Page 4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

The First Cause of Action:

1. For a judgment declaring that the USAA policy provided coverage to Richardson for vintage wine stolen in July of 2007, and that USAA is obligated to pay Richardson for the replacement cost of said wine;

The Second Cause of Action:

2. For general and special damages in excess of $150,000 in an amount according to proof;

The Third Cause of Action:

3. For general and special damages in excess of $150,000 in an amount according to proof including attorneys' fees in obtaining coverage;

4. For punitive damages in an amount sufficient to deter and make an example of defendants and punish them for their wrongdoing;

For All Causes of Action:

5. For costs of suit;

6. For allowable prejudgment and post judgment interest;

7. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Peter A. Richardson hereby demands trial by jury as to any claims for which trial by jury may be had.

Respectfully submitted,

RYAN & STEINER, An Association of Attorneys

Dated: November 8, 2007    BY: _____
JEFFREY F. RYAN
Attorneys for Plaintiff, Peter A. Richardson

Case No. _____    COMPLAINT    Page 5

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MENDOCINO

# FILED

DEC 17 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

G. Recendiz

_Peter Richardson_
Plaintiff

vs.

_USAA Casualty Insurance_
Defendant

Case No. SCUK CVG '07 50580

CASE MANAGEMENT
CONFERENCE 5/30/08

CASE MANAGEMENT STMT DUE 5/5/08

### Notice of Delay Reduction Rules and Case Management Conference (CMC)

1. **DELAY REDUCTION RULES:**

   The court will make every effort to ensure that this matter is brought to trial or otherwise disposed of within one year. All parties must comply with Chapter 4 Rules of Court for Mendocino County Superior Court and California Rule of Court 201.7. The court will strictly monitor compliance and _will impose monetary penalties_ and may dismiss a complaint or cross-complaint for repeated failures to comply. Those rules require, among other things, that plaintiff properly _serve each defendant within sixty days_ of the filing of the complaint and file written proof of that service with the court.

2. **CASE MANAGEMENT CONFERENCE:**

   A Case Management Conference (CMC) has been scheduled for _5/30/08_ at 2:00 P.M. in Department E, Ukiah, Calif. All parties are ordered to _prepare and serve_ a Case Management Statement (CMS), at least 30 days before the CMC, in full compliance with local court rule 4.5 and CRC 212, _file the CMS_ at least 15 calendar days before the CMC and to attend the CMC. The failure of any party to file a CMS or to attend the CMC may be deemed as a waiver of that party's right to a jury trial and will be deemed as an acceptance of the trial date set by the court at the CMC.

3. **SERVICE OF THIS NOTICE:**

   Plaintiff is ordered to serve a copy of this Notice on _each_ defendant and to file _proof of such service_ pursuant to local rule 4.4(b). Plaintiff shall serve each newly added defendant within 30 days after filing an amended complaint. Cross-complainant shall serve a copy of this Notice on each new party cross-defendant and proof of service within 30 days of filing a cross-complaint. [Local Rule 4.4(c)]

☐ Copy given to Cross-complainant     BENJAMIN D. STOUGH

Dated: DEC 17 2007

_signature_
Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USAA CASUALTY INSURANCE COMPANY, an insurance company form of business unknown, and DOES 1 - 5

RECEIVED
DEC 20 07
Shannon Reeves
WESTRO LEGAL

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
PETER A. RICHARDSON, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED-FILED**
DEC 17 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
C. Recendiz

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
Perkins & State Streets
Ukiah, CA 95482

CASE NUMBER: CVG-0750580

Ukiah Branch-Civil
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY F. RYAN, BAR NO. 129079    650-691-1430    650-968-2685
RYAN & STEINER
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721    BENJAMIN D. STOUGH

DATE: DEC 17 2007    Clerk, by C. Recendiz, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: USAA Casualty Insurance Company, an Insurance Company Form of Business Unknown
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☑ other *(specify)*: BUSINESS ORGANIZATION FORM UNKNOWN
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MENDOCINO

**FILED**
DEC 17 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
G. Recendiz

_Peter Richardson_
Plaintiff

vs.

_USAA Casualty Insurance et al_
Defendant

Case No. SCUK CVG 0750580

CASE MANAGEMENT CONFERENCE 5/30/08 (date)

CASE MANAGEMENT STMT DUE 5/5/08

**CALENDARED**

**DIARIED**

## Notice of Delay Reduction Rules and Case Management Conference (CMC)

1. **DELAY REDUCTION RULES:**

   The court will make every effort to ensure that this matter is brought to trial or otherwise disposed of within one year. All parties must comply with Chapter 4 Rules of Court for Mendocino County Superior Court and California Rule of Court 201.7. The court will strictly monitor compliance and _will impose monetary penalties_ and may dismiss a complaint or cross-complaint for repeated failures to comply. Those rules require, among other things, that plaintiff properly _serve each defendant within sixty days_ of the filing of the complaint and file written proof of that service with the court.

2. **CASE MANAGEMENT CONFERENCE:**

   A Case Management Conference (CMC) has been scheduled for 5/30/08 at 2:00 P.M. in Department E, Ukiah, Calif. All parties are ordered to _prepare and serve_ a Case Management Statement (CMS), at least 30 days before the CMC, in full compliance with local court rule 4.5 and CRC 212, _file the CMS_ at least 15 calendar days before the CMC and to attend the CMC. The failure of any party to file a CMS or to attend the CMC may be deemed as a waiver of that party's right to a jury trial and will be deemed as an acceptance of the trial date set by the court at the CMC.

3. **SERVICE OF THIS NOTICE:**

   Plaintiff is ordered to serve a copy of this Notice on _each_ defendant and to file _proof of such service_ pursuant to local rule 4.4(b). Plaintiff shall serve each newly added defendant within 30 days after filing an amended complaint. Cross-complainant shall serve a copy of this Notice on each new party cross-defendant and proof of service within 30 days of filing a cross-complaint. [Local Rule 4.4(c)]

☐ Copy given to Cross-complainant

BENJAMIN D. STOUGH

Dated: DEC 17 2007

_signature_
Deputy Clerk
(rev-05/12/03)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On January 17, 2008, I served the within documents:

**DECLARATION OF JACK S. FISCHER IN SUPPORT OF DEFENDANT USAA CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § (B) (DIVERSITY)**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☒ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

Jeffrey F. Ryan
Ryan & Steiner
455 N. Whisman Road, Suite 200
Mountain View, CA 94043-5721

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 17, 2008, at Fresno, California.

*Christina M. Torres*
Christina M. Torres

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
P.O. Box 28912
FRESNO, CA 93729-8912