James P. Wagoner, #058553
Jack S. Fischer, # 171703
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. RICHARDSON, an Individual,<br><br>          Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, an insurance company form of business unknown, and DOES 1-5,<br><br>          Defendant. | CASE NO.  C 08-00347 WDB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CASUALTY INSURANCE COMPANY'S MOTION TO STRIKE PORTIONS OF COMPLAINT FOR DAMAGES**<br><br>Date:        March 11, 2008<br>Time:       1:30 p.m.<br>Ctrm:       4<br>Before:     Honorable Wayne D. Brazil<br><br>**Complaint Filed:** 12/17/07<br><br>[Accompanying Documents: Memorandum of Points And Authorities; [Proposed] Order]<br><br>[F.R.C.P. 12(f)] |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CIC'S MOTION TO STRIKE

# TABLE OF CONTENTS

Page

I. INTRODUCTION ......................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

III. LAW AND ARGUMENT ............................................................................................... 3

    A. THE COURT SHOULD STRIKE IN THEIR ENTIRETY PARAGRAPH 28 OF THE COMPLAINT AND THE PRAYER FOR PUNITIVE DAMAGES AS REDUNDANT, IMMATERIAL, IMPERTINENT AND/OR SCANDALOUS MATTER ............................................................................ 3

        1. A Motion to Strike May Be Used To Strike Legally Insufficient Prayers for Damages, Including Punitive Damages and Allegations Based on Privileged Conduct .......................................................................... 3

        2. The Punitive Damages Allegations As Pled Are Insufficient as a Matter of Law ............................................................................................. 4

            a. The Court Should Strike Defendants' Request for Punitive Damages As They Do Not Plead Sufficient Facts to Show Malice ............................................................................................. 5

            b. The Court Should Strike Defendants' Request for Punitive Damages As They Do Not Plead Sufficient Facts to Show Oppression ..................................................................................... 7

            c. The Court Should Strike Defendants' Request for Punitive Damages As They Do Not Plead Sufficient Facts to Show Fraud ............................................................................................... 8

IV. CONCLUSION ................................................................................................................ 8

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CIC'S MOTION TO STRIKE

# TABLE OF AUTHORITIES

Page

**Cases**

*Austero v. National Casualty Co.*
  84 Cal.App.3d 1, 35 (1978) .................................................................................... 5

*Barto v. Allstate Ins. Co.,*
  1997 U.S. Dist. LEXIS 16170, *6-13 (S.D. Cal. 1997) ........................................... 5

*Bell v. Sharp Cabrillo Hospital,*
  212 Cal.App.3d 1034, 1044 (1989) ......................................................................... 5

*Blegen v. Superior Court,*
  125 Cal.App.3d 959, 962-963 (1981) ..................................................................... 4

*Bousseau v. Jarrett*
  73 Cal.App.3d 864, 872. (1977) .............................................................................. 4

*Bureerong v. Uvawas,*
  922 F. Supp. 1450, 1479 n. 34 (C.D.Cal. 1996) ..................................................... 3

*Crenshaw v. Mony Life Ins. Co.,*
  2004 U.S. Dist. LEXIS 9883, *75 (S.D.Cal. 2004) ................................................ 5

*Ebaugh v. Rabkin,*
  22 Cal.App.3d 891, 894 (1972) ............................................................................... 5

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,*
  436 F.Supp.2d 1095, 1100 (C.D.Cal. 2006) ........................................................... 3

*Fantasy. Inc. v. Fogerty*
  984 F.2d 1524, 1527 (9th Cir. 1993) ....................................................................... 3

*Fantasy. Inc. v. Fogerty,*
  984 F.2d 1524, 1527 (9th Cir. 1993) ....................................................................... 3

*Grieves v. Superior Court,*
  157 Cal.App.3d 159, 166 (1984) ......................................................................... 4, 5

*Henry v. Lehman Commer. Paper, Inc.,*
  2006 U.S. App. LEXIS 30108, *48-49 (9th Cir. 2006) .......................................... 4

*Lackner v. North,*
  135 Cal.App.4th 1188, 1210-1212 (2006) .............................................................. 4

*Mock v. Mich. Millers Mut. Ins. Co.,*
  4 Cal.App.4th 306, 332-333 (1992) ................................................................ 4, 5, 6

*Patrick v. Maryland Casualty Co.,*
  217 Cal.App.3d 1566, 1576 (1990) ......................................................................... 6

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CIC'S MOTION TO STRIKE

# TABLE OF AUTHORITIES
### (continued)

Page

*Purex Corp. v. General Foods Corp.*,
   318 F.Supp. 322, 323 (C.D.Cal. 1970) .................................................................................. 3

*Scammacca v. Royal Maccabees Life Ins. Co.*,
   9 Fed. Appx. 608, 611-612 (9th Cir. 2001) ........................................................................... 5

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880, 885 (9th Cir. 1983) ......................................................................................... 3

*Silberg v. California Life Ins. Co.*
   11 Cal.3d 452, 462 (1974 ...................................................................................................... 5

*Slottow v. American Casualty Co.*,
   10 F.3d 1355, 1362 (9th Cir. 1993) ....................................................................................... 5

*Stewart v. Truck Ins. Exchange*
   17 Cal.App.4th 468, 483 (1993) ......................................................................................... 5, 6

*Taylor v. Superior Court*,
   24 Cal.3d 890, 894 (1979) ..................................................................................................... 5

*Tomaselli v. Transamerica Ins. Co.*,
   25 Cal.App.4th 1269, 1288 (1994) ........................................................................................ 6

*Wells v. Bd. of Trs. of the Cal. State Univ.*,
   393 F.Supp.2d 990, 995 (N.D.Cal. 2005) .............................................................................. 3

*Zeevi v. Mich. Millers Mut. Ins. Co.*,
   1994 U.S. Dist. LEXIS 21703, *13-14 (C.D.Cal. 1994) ........................................................ 6

**Statutes**

Civil Code § 3294 ..................................................................................................................... 3, 4

Civil Code §3294(a) ...................................................................................................................... 4

Civil Code §3294(c)(2) ................................................................................................................. 7

88139/00074-1182420.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CIC'S MOTION TO STRIKE

## I. INTRODUCTION

This action arises out of a first-party insurance claim made by plaintiff, Peter A. Richardson ("Richardson"), against his property insurer, USAA Casualty Insurance Company ("USAA CIC"), after an alleged theft occurring at the insured premises located in Mendocino County, California. Richardson purportedly first discovered the theft on or about July 1, 2007 and thereafter reported the loss to USAA CIC on July 12, 2007. Richardson's claimed loss included two propane generators, two twenty-one gallon propane tanks and approximately 291 bottles of vintage wine. On August 24, 2007, USAA CIC acknowledged the loss of the generators and reimbursed Richardson for their value.

On December 17, 2007, less than four months after he initially reported the loss to USAA CIC and while USAA CIC was still undertaking an investigation of the claim before making a final claims decision, Richardson filed the instant Complaint for Declaratory Relief, Breach of Contract and Bad Faith. USAA CIC's investigation included taking Richardson's partial examination under oath. Richardson has not alleged that USAA CIC has completed its investigation into the facts and circumstances surrounding the claimed loss or that USAA CIC has rejected his claim for the lost wine collection. Under those facts, Richardson is not entitled to an award of punitive damages as a matter of law. He has not and can not allege facts sufficient to entitle him to such an award. As such, this Court should strike from the Complaint any and all references to punitive damages as well as Richardson's prayer for same.

## II. FACTUAL BACKGROUND

Plaintiff alleges that on or about January of 2007, USAA CIC provided him with comprehensive homeowner's insurance pursuant to Policy No. 00141 85 43. *Complaint of Peter A. Richardson* ("*Cmp.*"), ¶ 6. It is alleged that the USAA CIC policy provided replacement cost coverage for Richardson's home and personal property located at 311 Sanel Drive located in Ukiah, California. *Cmp.*, ¶ 6.

Richardson alleges that in or about July 2007, the covered property was burglarized and that two propane generators and approximately 290 bottles of wine were stolen. *Cmp.*, ¶ 7. He alleges that he filed a claim with USAA CIC on July 12, 2007. *Cmp.*, ¶ 7. It is alleged that on or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CIC'S MOTION TO STRIKE

about August 2007, USAA CIC acknowledged that loss and reimbursed Richardson for the cost for the generators. *Cmp.*, ¶ 8.

Richardson also alleges that on or about September 2007, USAA CIC acknowledged a range of $102,000 to $132,000 for the value of the lost wine, but refused to pay, citing the need to do additional investigation. *Cmp.*, ¶ 9. It is further alleged that at the time the Complaint was filed, it had been four months since the time when the claim was tendered to USAA CIC. *Cmp.*, ¶ 10. It is alleged that USAA CIC continues to refuse payment for the wine despite Richardson's full and complete cooperation with USAA CIC and its agents. *Cmp.*, ¶ 10. In that regard, Richardson alleges that he provided ample objective evidence of ownership of the missing wine bottles, has provided a copy of the police report to USAA CIC's investigator and participated openly and honestly with the investigation during his examination under oath. *Cmp.* ¶ 10.

Richardson alleges that he has performed all conditions, covenants and promises required of him to be performed under the USAA CIC policy. *Cmp.*, ¶ 17. It is further alleged that USAA CIC has failed to promptly investigate Richardson's claim (*Cmp.*, ¶ 18), has failed to adequately investigate Richardson's claim (*Cmp.*, ¶ 19) and that it has failed to try to find coverage as required under the California Insurance Commissioner's regulations. *Cmp.*, ¶ 20. Richardson alleges that USAA CIC has failed to full pay Richardson's claim when coverage is clear even though the claim was "made four months ago." *Cmp.*, ¶21. It is alleged that USAA CIC breached the policy of insurance by engaging in the acts just described and, more specifically, denying coverage to Richardson under the policy for the theft of his property, particularly the vintage wine. *Cmp.*, ¶ 22. It is alleged that Richardson has suffered damages in excess of $150,000 as a direct and proximate result of USAA CIC's alleged breach of contract. *Cmp.*, ¶ 23.

Richardson further alleges that the USAA CIC policy contained an implied covenant of good faith and fair dealing that neither the insurer nor the insured would do anything to injure the right of the other party to receive the benefits of that agreement and that USAA CIC had that obligation to Richardson. *Cmp.*, ¶ 25. It is alleged that USAA CIC breached its obligations of good faith and fair dealing which it owed to Richardson by failing to properly investigate the claims, by unreasonably denying coverage and refusing to honor its contractual obligations in bad

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USAA CIC'S MOTION TO STRIKE

faith, and by unreasonable delay. *Cmp.*, ¶ 26. It further is alleged that Richardson has suffered damages as a direct and proximate result of USAA CIC's alleged tortuous breach of the covenant of good faith and fair dealing. *Cmp.*, ¶ 27. Significantly, Richardson has not alleged that USAA CIC's investigation has been completed or that USAA CIC has made a final decision to reject his claim for value of the lost wine collection.

Richardson further alleges that USAA CIC'S tortious breach of the covenant of good faith and fair dealing was committed with oppression, fraud or malice as defined in California Civil Code § 3294, such that an award of exemplary or punitive damages should be made in an amount sufficient to deter and make an example out of USAA CIC and punish them for their bad faith. *Cmp.*, ¶ 28. Based on these allegations, Richardson prays for, among other things, ". . . punitive damages in an amount sufficient to deter and make an example of defendants and punish them for their wrongdoing." *Cmp.*, 5:13-14.

### III. LAW AND ARGUMENT

**A.    THE COURT SHOULD STRIKE IN THEIR ENTIRETY PARAGRAPH 28 OF THE COMPLAINT AND THE PRAYER FOR PUNITIVE DAMAGES AS REDUNDANT, IMMATERIAL, IMPERTINENT AND/OR SCANDALOUS MATTER**

**1.    A Motion to Strike May Be Used To Strike Legally Insufficient Prayers for Damages, Including Punitive Damages and Allegations Based on Privileged Conduct**

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Fantasy. Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds, 510 U.S. 517 (1994)); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); see also *Purex Corp. v. General Foods Corp.*, 318 F.Supp. 322, 323 (C.D.Cal. 1970).

A Motion to Strike may be used to remove an improper request for damages, including punitive damages, when such requested relief is unavailable as a matter of law. *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D.Cal. 2006); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n. 34 (C.D.Cal. 1996); *Wells v. Bd. of Trs. of the Cal. State Univ.*, 393 F.Supp.2d 990, 995 (N.D.Cal. 2005).

### 2. The Punitive Damages Allegations As Pled Are Insufficient as a Matter of Law

Under California law, punitive damages are not recoverable as a matter of right, but may be awarded only in cases involving fraud, oppression or malice. Cal. Civil Code §3294(a); *Henry v. Lehman Commer. Paper, Inc.*, 2006 U.S. App. LEXIS 30108, *48-49 (9th Cir. 2006); *Lackner v. North*, 135 Cal.App.4th 1188, 1210-1212 (2006). California Civil Code § 3294(c) provides, in pertinent part, as follows:

As used in this section, the following definitions shall apply:

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Such fraud, oppression or malice must be proven by "clear and convincing evidence." *Mock v. Mich. Millers Mut. Ins. Co.*, 4 Cal.App.4th 306, 332-333 (1992). In order to survive a motion to strike an allegation of punitive damages, the ultimate facts showing an entitlement to such relief must be sufficiently pled. *Grieves v. Superior Court*, 157 Cal.App.3d 159, 166 (1984); *Blegen v. Superior Court*, 125 Cal.App.3d 959, 962-963 (1981); *Barto v. Allstate Ins. Co.*, 1997 U.S. Dist. LEXIS 16170, *6-13 (S.D. Cal. 1997) A merely "conclusory characterization [that] defendant's conduct is intentional, willful, and fraudulent, is patently an insufficient statement of 'oppression, malice or fraud' . . . within the meaning of section 3294." *Bousseau v. Jarrett*, 73 Cal.App.3d 864, 872. (1977).

Even where an insurer is found to have improperly withheld payment of a claim, or breached its duty of good faith and fair dealing toward its insured by means of unreasonably withholding benefits, it does not follow that the insurer is automatically liable for exemplary or

punitive damages. *Silberg v. California Life Ins. Co.*, 11 Cal.3d 452, 462 (1974); *Austero v. National Casualty Co.*, 84 Cal.App.3d 1, 35 (1978). In other words, *even if* an insurer *has* violated its duty, such violation does not in and of itself establish that the insurer acted with malice, oppression or fraud, as required for the recovery of punitive damages. (*Stewart v. Truck Ins. Exchange*, 17 Cal.App.4th 468, 483 (1993).)

Merely alleging that an intentional tort was committed is insufficient to warrant a punitive damages award. *Grieves, supra*, 157 Cal.App.3d at 166; *Taylor v. Superior Court*, 24 Cal.3d 890, 894 (1979). Similarly, mere allegations that an insurer acted in bad faith are insufficient to support punitive damages. *Scammacca v. Royal Maccabees Life Ins. Co.*, 9 Fed. Appx. 608, 611-612 (9th Cir. 2001); *Mock v. Mich. Millers Mut. Ins. Co., supra*, 4 Cal.App.4th at 328; *Stewart v. Truck Ins. Exchange*, 17 Cal.App.4th 468, 484 (1993). Moreover, when the insurer had a reasonable argument underlying its denial of coverage, such denial of benefits cannot support a punitive damages claim. *Slottow v. American Casualty Co.*, 10 F.3d 1355, 1362 (9th Cir. 1993) ("Nothing in California law suggests a refusal to provide coverage as requested by an insured, when the refusal is supported by a reasonable, good faith argument, can form the basis for punitive damages."); *Crenshaw v. Mony Life Ins. Co.*, 2004 U.S. Dist. LEXIS 9883, *75 (S.D.Cal. 2004).

        a.      **The Court Should Strike Defendants' Request for Punitive Damages As They Do Not Plead Sufficient Facts to Show Malice**

In 1987, the California legislature amended § 3294(c) adding the words "despicable" and "willful" to the malice definition to narrow its application and provide greater assurance that punitive damages would be awarded only to punish conduct that was truly blameworthy and reprehensible. *Mock v. Michigan Millers Mutual Ins. Co., supra*, 4 Cal.App.4th at 331. As a result, the standard for imposition of punitive damages based on malice is extremely high. It is not sufficient to show that the defendant's conduct was negligent, grossly negligent or even reckless. *Bell v. Sharp Cabrillo Hospital*, 212 Cal.App.3d 1034, 1044 (1989); *Ebaugh v. Rabkin*, 22 Cal.App.3d 891, 894 (1972).

Thus, mere evidence of an insurer's bad faith is insufficient to show "malice" under the

California standard. *Mock v. Mich. Millers Mut. Ins. Co., supra*, 4 Cal.App.4th at 328; *Zeevi v. Mich. Millers Mut. Ins. Co.*, 1994 U.S. Dist. LEXIS 21703, *13-14 (C.D.Cal. 1994). Moreover, evidence that an insurer failed to properly conduct its investigation or process the claim is insufficient to justify a punitive damage award. See *Patrick v. Maryland Casualty Co.*, 217 Cal.App.3d 1566, 1576 (1990) ("There was substantial evidence in this case . . . that appellant's claims handling practices were shoddy, and that its handling of the claim sought by the respondent was at times witless and infected with symptoms of bureaucratic inertia and inefficiency. However, after a review of the full record, we find no substantial evidence that its actions were malicious, fraudulent, or oppressive."); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1288 (1994) ("the actions of [the insurer] may be found to be negligent . . . , overzealous . . . , legally erroneous . . . , and callous . . . . There was nothing done, however, which could be described as evil, criminal, recklessly indifferent to the rights of the insured, or with a vexatious intention to injure."); *Stewart v. Truck Ins. Exchange, supra*, 17 Cal.App.4th at 484 (negligent claims handling did not show "intent to injure" nor "conscious disregard of . . . rights"). A party must allege and prove facts which would show the insurer intended to injure its insured or that the insurer's conduct was "despicable" and carried out in conscious disregard of the insured's rights. *Id.* at 483-484; *Tomaselli v. Transamerica Ins. Co., supra*, 25 Cal.App.4th at 1288 n.4 (1994) ("[P]unitive damages should not be allowable upon evidence that is merely consistent with the hypothesis of malice, fraud, gross negligence or oppressiveness. Rather some evidence should be required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing.")

In this case, Richardson elected to file a Complaint for bad faith merely four months after he made his initial claim to USAA CIC and while USAA CIC was in the middle of completing its investigation into the facts and circumstances surrounding the claimed loss. Richardson has not alleged that such investigation has been completed or that a final claims decision has been made with respect to his claim for the lost wine collection. Although he has alleged that USAA CIC's conduct was "willful, oppressive and malicious," such a conclusory characterization "is patently

an insufficient statement of 'oppression, malice or fraud' . . . within the meaning of section 3294." *Bousseau, supra,* 73 Cal.App.3d at 872. Thus, it is clear that Plaintiff's allegations do not meet the standard for imposition of punitive damages. Outside of his boilerplate, conclusory statements, the only thing that Richardson has alleged is that USAA CIC has failed to properly investigate his claim, unreasonably delayed action on his claim and has unreasonably denied coverage and refused to honor its contractual obligations in bad faith. *Cmp.*, ¶ 26. As a matter of law such conduct does not warrant the imposition of an award of punitive damages as the allegations do not and cannot demonstrate that USAA CIC acted with an intent to injure Richardson. Furthermore, such allegations do nothing to show that USAA CIC somehow intended to injure Richardson or suggest a conscious disregard of Richardson's rights, let alone plead facts which could show such intent by "clear and convincing" evidence. Therefore, Richardson's "malice" allegations fail as a matter of law such that all punitive damage allegations and the prayer should therefore be stricken.

### b. The Court Should Strike Defendants' Request for Punitive Damages As They Do Not Plead Sufficient Facts to Show Oppression

"Oppression" under the California standard requires "despicable conduct" which results in "cruel and unjust hardship" to the person or entity "in conscious disregard of that person's [or entity's] rights[.]" Civil Code §3294(c)(2). As detailed above, USAA CIC'S conduct in no way rises to the level of despicable conduct sufficient to support an award of punitive damages. USAA CIC settled in full Richardson's claim for the lost generators within approximately six weeks of the date upon which Richardson initially reported the loss. With respect to the value of the lost wine, Richardson has acknowledged that through its investigation, which included Richardson's partial examination under oath, USAA CIC has arrived at a range of between $102,000 and $132,000 for the value of the lost wine. As a matter of law, such conduct is not despicable, did not involve a conscious disregard of Richardson's rights and will not, under any set of circumstances, support an award of punitive damages.

Additionally, Richardson cannot show "oppression" because he clearly cannot show that he has suffered any "cruel and unjust hardship." Richardson has not been dispossessed of his

home and has not suffered a loss affecting his heath or well being. Rather, he has allegedly lost the value and enjoyment of a vintage wine collection. As such, there is no "cruel and unjust hardship" sufficient to justify an award of punitive damages. Therefore, the allegations regarding and prayer for such damages should be stricken.

### c. The Court Should Strike Defendants' Request for Punitive Damages As They Do Not Plead Sufficient Facts to Show Fraud

As detailed above, mere boilerplate allegations of fraud are insufficient as a matter of law to support an award of punitive damages. Therefore, Richardson is not entitled as a matter of law to an award of punitive damages. Because Richardson has not sufficiently plead entitlement to punitive damages on any ground, the Court should strike Defendants' allegations of and prayer for punitive damages contained in paragraph 28 of the Complaint and the Prayer for Relief at 5:13-14 of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, USAA CIC respectfully requests that this Court strike the punitive damages allegations contained in paragraph 28 of the Complaint and in the Prayer for Relief at 5:13-14 of the Complaint.

Dated: January 22, 2008

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Jack S. Fischer
James P. Wagoner
Jack S. Fischer
Attorneys for Defendant USAA CASUALTY INSURANCE COMPANY