JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
PETER A. RICHARDSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. RICHARDSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, an insurance company form of business unknown, and DOES 1-5,<br><br>Defendants. | Case No.: 3:08-cv-00347 WDB<br><br><br><br>Date:     March 11, 2008<br>Time:    1:30 p.m.<br>Dept:     4<br>Judge:   Hon. Wayne D. Brazil |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO USAA CASUALTY INSURANCE COMPANY'S MOTION TO STRIKE**

Defendant's motion must be denied because Defendant has not, and cannot, show that punitive damages are unavailable <u>as a matter of law</u>. Indeed, the very authorities relied upon by Defendant compel the denial of its motion.

Defendant asserts, at page 3 line 24 of it motion, that, "A Motion to Strike may be used to remove an improper request for damages, including punitive damages, when such requested relief **is unavailable as a matter of law**." (Emphasis added). While the cases then cited by Defendant fully support that proposition, they also highlight why Defendant has not met that standard and its motion must be denied.

In Estate of Migliaccia v. Midland Nat'l Life Ins. Co., 436 F.Supp.2d 1095 (C.D.Cal. 2006), the court articulated the applicable standard for a motion under Rule 12(f) and distinguished it from a motion to dismiss for failure to state a claim under Rule 12(b)(6):

> A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." ***A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material***. The Court may also strike under Rule 12(f) a prayer for relief ***which is not available as a matter of law***. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy. Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). ***Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored***. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Estate of Migliaccio, supra, 436 F. Supp. 2d at 1100 ***emphasis added***.

In both Bureerong v. Uvawas, 922 F.Supp. 1450 (C.D. Cal. 1996), cited by the Migliaccio court and by Defendant, and Wells v. Bd. of Trs. of the Cal. State Univ., 393 F.Supp.2d 990 (N.D.Cal. 2005), cited by Defendant, the defendant's respective motions to strike punitive damages allegations were **denied**. In Bureerong, the court articulated the standard and applicable analysis as follows:

> Plaintiffs are clearly not entitled to punitive damages under any of their federal causes of action pled against the "manufacturers." However, Plaintiffs may be entitled to punitive damages for some of their state causes of action. Under Cal. Civil Code § 3294, "in an action for breach of an obligation not arising from a contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishment." Because Plaintiffs' claim for punitive damages against the "manufacturers" arises under California law, section 3294 governs substantively. However, this Court's "determinations regarding the adequacy of pleadings are governed by the Federal Rules of Civil Procedure." Pease & Curren Refining, Inc. v. Spectrolab, Inc. 744 F. Supp. 945, 948 (C.D. Cal. 1990), abrogated on other grounds, 984 F.2d 1015 (9th Cir. 1993). ***As has been discussed, a pleading need only "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks."*** Fed. R. Civ. P. 8(a). ***Furthermore, although Cal. Civil Code § 3294 does***

> ***require "oppression, fraud, or malice" for punitive damages, these allegations "may be averred generally."*** Fed. R. Civ. P. 9(b); see also <u>Pease</u>, 744 F. Supp. at 949.

<u>Bureerong</u>, 922 F.Supp. at 1480 (emphasis added). The Court then denied the defendant's motion to strike, stating:

> Essentially, Plaintiffs allege that the "manufacturer" Defendants were the employers of the "operators," and that the "operators" were an "integral part" of the "manufacturer" Defendants' business. Plaintiffs also allege that Defendants hired and supervised the "operators," even though they knew of the "operators'" illegal, malicious, fraudulent, and oppressive activity toward Plaintiffs. ***Under the liberal standards of notice pleading, these allegations clearly satisfy Federal Rules 8 and 9, as well as Cal. Civil Code § 3294(b). Accordingly, Defendants' motion to strike Plaintiffs' prayer for punitive damages is denied.***

<u>Bureerong</u>, 922 F.Supp. at 1480-1481 (emphasis added).

In <u>Wells</u>, 393 F.Supp.2d 990, the Court's ruling highlights the, "Not available as a matter of law" standard in its analysis and ruling:

> Defendants move to strike Wells' request for punitive damages on the ground that there can be no recovery against a State entity or State officials sued in their official capacities. Wells argues that a State agency can indemnify its employees for punitive damages in its discretion and such damages are recoverable against individual defendants.
>
> Punitive damages are not available in suits under § 1983 against government entities. [Citations omitted]. State officials acting in their official capacities are also immune from punitive damages. [Citations omitted]. However, punitive damages are available in an individual capacity suit against a State official. [Citation omitted]. [¶] Therefore, Wells' request for punitive damages against Defendants CSU, and against Richmond, Bulter and Collen acting in their official capacities, is stricken. The Court, however, denies Defendants' motion to strike Wells' request for punitive damages against Defendants Richmond, Butler and Collen as individuals.

<u>Wells</u>, 393 F. Supp. 2d at 998-999.

Against this standard, Defendant's motion fails. Defendant asserts as the heading of section 2 of its argument that, "The punitive damages allegations as pled are insufficient as a matter of law." This description of the argument highlights Defendant's failure to meet the standard on its motion. Defendant does not here contend that punitive damages are not available as a matter of law, but rather, that the "allegations as pled are insufficient." Indeed, each argument by Defendant is premised upon the

1  allegations being supposedly deficient, not that punitive damages are unavailable as a
2  matter of law.
3       Plaintiff submits that its allegations are, under the liberal standards of notice
4  pleading under Fed. R. Civ. Proc. 8 and 9, sufficient to put the Defendant on notice that
5  it will have to respond to the allegation. Whether the evidence will emerge to
6  substantively show malice, oppression, or fraud is simply irrelevant at this stage, as is
7  how plaintiff intends to establish those elements.[1]

9  DATED: February 1, 2008              RYAN & STEINER
                                        An Association of Attorneys

12                              By:  /S/*Jeffrey F. Ryan*
                                     JEFFREY F. RYAN,
13                                   Attorneys for Plaintiff
                                     PETER A. RICHARDSON

---

[1] Plaintiff further submits that its pleading is sufficient as against a Rule 12(e) motion for a more definite statement. However, Defendant did not bring such a motion, and Plaintiff would seek leave to amend to add allegations if the Court were to deem it necessary.